UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                 :
MARIA MENDEZ,                    :
                                 :
            Plaintiff,           :   Civil Action No.
                                 :   13-1585
        v.                       :
                                 :
RAHUL V. SHAH, M.D., et al.,     :   OPINION
                                 :
            Defendants.          :
                                 :
_____:
```

Appearances:

MICHAEL T. ROONEY
ROONEY & ROONEY
TWO PENN CENTER PLAZA
1500 JFK BLVD., SUITE 200
PHILADELPHIA, PA 19102
*Attorney for Plaintiff*

JOHN F. BRENNER
MELISSA ANNE CHUDEREWICZ
PEPPER HAMILTON, LLP
301 CARNEGIE CENTER
SUITE 400
PRINCETON, NJ 08543-5276
*Attorneys for defendants Medtronic Sofamaor Danesk USA Inc., Medtronic Spine LLC, Medtronic USA Inc., and Medtronic Inc.*

HILLMAN, District Judge:

Before the Court is an appeal of the decision of the Magistrate Judge assigned to this matter by defendants Premier Orthopaedic Associates Surgical Center, LLC, Premier Orthopaedic Association of South Jersey, and Rahul V. Shah, M.D.  For the reasons stated below, the motion will be denied.

I.  **BACKGROUND**

This is a products liability and medical malpractice case brought by plaintiff Maria Mendez following back surgery performed on her by defendant Shah.  The factual background was summarized by the Court in Mendez v. Shah, --- F.Supp.2d ----, 2014 WL 2921023 (D.N.J. June 27, 2014).

During discovery, plaintiff requested from defendant Premier Orthopaedic (Shah's employer) a complete copy of Shah's employment file.  Premier Orthopeadics states that it does not maintain an employment file for its doctors.  Defendant Inspira Health Network ("Inspira") - the hospital at which Shah is credentialed - maintains credentialing files for all doctors credentialed to practice there, including Shah.  The file was started in 2009 when Shah first applied for privileges at the hospital and the process was continued into early 2010 when certain surgical evaluations were performed and recorded in the credentialing file according to the bylaws at the hospital.

Defendants produced the credentialing file with the exception of the following documents:

> 1.  A two-page document labeled "South Jersey Hospital Medical Staff Reappointment Profile, For Peer Review only" which covered the time period of 7/1/09 through 6/30/11;
> 2.   A twenty-two page document titled "Procedural/Surgical Evaluation Forms Confidential

2

    Peer Review Documents," which covered only the 2010 time period; and

    3.   A two-page document labeled "South Jersey Hospital Medical Staff Reappointment Profile, For Peer Review only," which covered the time period of 1/1/08 through 12/31/09.

The retained documents were identified in a privilege log and the log was sent to plaintiff's counsel. Defendants then filed a motion for a protective order shielding the retained documents from disclosure under the "self-critical analysis" privilege.

    The motion for protective order was heard before the Honorable Joel Schneider, U.S.M.J. who reviewed the peer review file *in camera* and heard oral argument on February 24, 2014. Judge Schneider ruled that defendants were required to turn over the retained documents to plaintiff's counsel.

    Defendants filed an appeal of Judge Schneider's Order and filed a motion to stay Judge Schneider's Order while the appeal of his Order was pending. The motion to stay was granted. The appeal is now before this Court.

    II.  **JURISDICTION**

    This Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity of citizenship. Plaintiff is a citizen of the Commonwealth of Pennsylvania and the defendants, are citizens of either the States of New Jersey, Tennessee,

Delaware, or Minnesota. The amount in controversy exceeds the jurisdictional limit exclusive of interest and costs. The district court has authority to rule on appeals from orders entered by the magistrate judge regarding pretrial matters pursuant to 28 U.S.C.A. § 636(b)(1)(A).

**III. DISCUSSION**

    **A. Standard of Review for Appeal of Magistrate Judge's Order**

A United States magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A), and a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L. Civ. R. 72.1(c)(1)(A). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted), and a ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998). However, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly

4

erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

**B.   Appeal of Magistrate Judge's Order to Turn over Shah's Credentialing File.**

Defendants seek reversal of Judge Schneider's Order and the entry of an Order protecting Shah's peer review file from disclosure under the "self-critical analysis" privilege.

As a threshold matter, it must be determined whether the "self-critical analysis" privilege is a recognized doctrine under New Jersey law.[1]  As noted by Judge Schneider, "the privilege has not been recognized by the Third Circuit ... [n]or has the self-critical analysis privilege been adopted in New Jersey." Bobryk v. Durand Glass Mfg. Co., Inc., 2013 WL 5604342, at *2 (D.N.J. Oct. 11, 2013) (citing Alaska Elec.

---

[1] This Court exercises diversity jurisdiction in this matter.  A Court exercising diversity jurisdiction must apply the law of the forum state within which it sits, and therefore, New Jersey law applies.  See Chemical Leaman Tank Lines, Inc. V. Aetna Casualty and Surety Co., 89 F.3d 976, 983 (3d Cir. 1996) (stating that "[a]s a federal court sitting in diversity, we must apply the substantive law of New Jersey.") (citing Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992)).

5

Pension Fund v. Pharmacia Corp., 554 F.3d 342, 351 n. 12 (3d Cir. 2009) and Payton v. New Jersey Turnpike Authority, 148 N.J. 524, 545, 691 A.2d 321 (1997)); see also Cockerline v. Clark, 2013 WL 5539064, at *9 (N.J.Super.A.D. Oct. 9, 2013) ("Our Supreme Court has 'decline[d] to adopt the privilege of self-critical analysis as a full privilege, either qualified or absolute.'") (citing Payton, 148 N.J. at 545).

Although the New Jersey Supreme Court has not formally recognize a self-critical analysis privilege, it has instructed that a court engage in a case-by-case balancing of a party's need for disclosure against public interests in confidentiality. See Payton, 148 N.J. at 547-48. It has also noted that there is sometimes a need for confidentiality surrounding communications consisting of self-critical analysis that could outweigh the general rule for broad discovery. Id.

Thus, it appears that although there is no formally recognized self-critical analysis privilege under New Jersey law, there are "self-critical analysis" factors that are applied in order to arrive at a balancing of a party's need for disclosure against public interests in confidentiality. See Bobryk, 2013 WL 5604342 at *1 (citing Harding v. Dana Transport, Inc., 914 F.Supp. 1084, 1100 (D.N.J. 1996); Todd v. South Jersey Hosp. System, 152 F.R.D. 676, 682 (D.N.J. 1993)).

6

Accordingly, the Court finds that Judge Schneider was correct in balancing the following six self-critical analysis factors during the hearing to determine whether the retained documents from Shah's credential file were privileged: (1) whether the information is the result of a self-critical analysis undertaken by the party seeking protection, (2) the extent to which the information is available from other sources, (3) the degree of harm the litigant will suffer from the information's unavailability, (4) the possible prejudice to the party asserting the privilege, (5) the public interest in preserving the free flow of the type of information sought, and (6) whether the information is of the type whose flow would be curtailed if discovery were allowed. See Bobryk, 2013 WL 5604342 at *2 (citing Bracco Diagnostics, Inc. v. Amersham Health, Inc., No. 03-6025, 2006 WL 2946469, at *1, 9 (D.N.J. Oct. 16, 2006)).

Applying these factors, Judge Schneider determined that "Dr. Shah has not set forth a justifiable basis how he would be harmed if the information is disclosed. . ." and that "the discovery of these documents would not curtail the free flow of information." He further stated that "[n]o record has been set forth, apart from Dr. Shah's conclusion that somehow if these documents are produced in discovery, it will have a chilling effect on future evaluations of this type." Also, that "there

7

really is no other way for the plaintiff to get this information . . . [t]he plaintiff can't go and guess about other similar operations" and "has no way to identify those other patients and whether and how they've been critiqued."  Judge Schneider also found the documents were relevant to the underlying issues in the case, but that they would be designated as confidential pursuant to a discovery order limiting their distribution.

   Therefore, the factors were properly applied and the Magistrate Judge's decision was not "clearly erroneous or contrary to law."  Defendants' appeal of the Magistrate Judge's decision will be denied.  An appropriate Order will be entered.


                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey


Dated: October 23, 2014

8